UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YITZCHOK LEBOVITS and<br>CHANA SHAPIRO-LEBOVITS, *et al.*<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ANDREW M. CUOMO, individually<br>and in his official capacity as Governor<br>of the State of New York; *et al.*<br><br>    *Defendants*. | Civil No. 1:20-cv-01284-GLS-DJS<br>Hon. Gary L. Sharpe<br><br><br><br>MOTION FOR LEAVE<br>TO APPEAR AS<br>AMICUS CURIAE |

The Muslim Public Affairs Council ("MPAC"), Religious Freedom Institute's Islam and Religious Freedom Action Team ("IRF"), and Asma Uddin respectfully move this Court for leave to participate in this action as *amicus curiae* and to file a brief in support to petitioner's application for a temporary restraining order. If this motion is granted, *amici* will file the brief attached as Exhibit A to the accompanying declaration.

In support of their motion, *amici* state:

I. **This Court Has the Authority to Accept Amicus Briefs and Does So When the Briefs Aid the Court**

As noted in *Soos v. Cuomo*, district courts have "broad discretion to permit or deny the appearance of amici curiae in a given case." No. 120CV651GLSDJS, 2020 WL 3488742, at *13 (N.D.N.Y. June 26, 2020) (citing *Kearns v. Cuomo*, No. 1:19-CV-00902, 2019 WL 5060623, at *4 (W.D.N.Y. Oct. 9, 2019)). An "amicus brief should normally be allowed" when "they are of aid to the court and offer insights not

1

available from the parties." *Id.* (internal citation omitted). An amicus brief aids the court "when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective." *Id.* (citing *Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 465 n.3 (E.D.N.Y. 2019)).

Furthermore, "[t]he court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest." *Pratt v. Indian River Cent. Sch. Dist.*, No. 709CV0411GTSGHL, 2010 WL 11681606, at *3 (N.D.N.Y. Dec. 6, 2010) (citation omitted).

## II. Amici's Brief Will Be Helpful to the Court and Offer Unique Insights Not Available by the Parties

*Amici*'s brief fulfills the standards set by this Court for the submission of an amicus brief. MPAC, IRF, and Ms. Uddin represent the interests of adherents of the Islam, whose religious freedom and very physical safety are at stake if government officials are allowed to target religious minorities. MPAC is a community-based public affairs nonprofit organization working for the integration of Muslims into American society. MPAC's view is that America is enriched by the vital contributions of American Muslims. IRF works to amplify Muslim voices on religious freedom and to protect the religious freedom of Muslims by engaging in research, education, and advocacy. IRF believes that the Islamic faith teaches Muslims to want for others what they want for ourselves, and that supporting the Jewish school is in the

interest of the common good. Ms. Uddin is a religious liberty lawyer and scholar working for the protection of religious expression for people of all faiths in the United States and abroad. Ms. Uddin focuses much of her scholarship on religious minorities; her most recent book is *When Islam is Not a Religion: Inside America's Fight for Religious Freedom* (2019).

*Amici* write separately to bring to the Court an understanding of the history of government officials targeting religious minorities. Religious minorities are often scapegoated in times of fear and uncertainty, and amici's brief will highlight the way that New York's policy fits into that troubling pattern.

### III.  Consent of the parties?

Counsel for amici reached out to opposing counsel by email on October 21, 2020, seeking consent to file as amici curiae in support of plaintiffs. Opposing counsel has not replied.

### IV.  Conclusion

MPAC, IRF, and Ms. Uddin respectfully ask this Court for grant this motion for leave to participate in this action as *amicus curiae*.

4

Dated: October 22, 2020                           Respectfully submitted,

<u>s/ Stephanie H. Barclay</u>

Stephanie H. Barclay (N.D.N.Y. Bar No. 702235)
Associate Professor of Law
Religious Liberty Initiative
Notre Dame Law School
3120 Eck Hall of Law
Notre Dame, IN 46556
stephanie.barclay@nd.edu
Telephone: (801) 361-0401