# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YITZCHOK LEBOVITS and CHANA SHAPIRO-LEBOVITS, on their own behalf and on behalf of their daughters E.L., a minor, and A.L., a minor; and BAIS YAAKOV ATERES MIRIAM, a New York religious corporation,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ANDREW M. CUOMO, individually and in his official capacity as Governor of the State of New York;<br>BILL DE BLASIO, individually and in his official capacity as Mayor of the City of New York;<br>LETITIA JAMES, in her official capacity as Attorney General of the State of New York;<br>HOWARD A. ZUCKER, in his official capacity as Commissioner of the New York State Department of Health;<br>CITY OF NEW YORK; and<br>NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE,<br><br>    *Defendants*. | Civil No. 1:20-cv-01284-GLS-DJS<br>Hon. Gary L. Sharpe<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

    Plaintiffs submit this notice of supplemental authority as relevant to the pending motions to dismiss. ECF 52 (State Defendants); ECF 51 (City Defendants).

    In its March 8 decision in *Uzuegbunam v. Preczewski*, the Supreme Court held that "an award of nominal damages by itself can redress a past injury." No. 19-968, 2021 WL 850106 at *2 (Mar. 8, 2021). There the defendants, a Georgia state college and its officials, restricted the plaintiff's speech about his religious beliefs. *See id.* at *2-3. After the plaintiff sued, the college initially defended its policy, but then "quickly

1

abandoned that strategy," changed its unconstitutional policy, and moved to dismiss as moot. *Id.* at *3. The lower courts ruled that the case was moot, but the Supreme Court reversed. The Court held that the case was not moot because the plaintiff had raised a nominal damages claim for the already-completed constitutional violation. *Id.* at *7.

Under *Uzuegbunam*, Plaintiffs' nominal damages claims defeat Defendants' mootness defense. Plaintiffs have alleged both compensatory and nominal damages. ECF 1 (Complaint) at ¶¶ 10, 152, 160, 170, 178, 185, 193, 201 & Prayer for Relief (c) and (d). Plaintiffs have also alleged that Defendants' decision to place Bais Yaakov Ateres Miriam in a red zone and order it to remain closed from October 8 until October 21 (five days after this lawsuit was filed) worked an already-completed injury. ECF 55 at 6-7, 23-24. *Uzuegbunam* confirms that Plaintiffs' claims for damages from this "past injury" remain live regardless of subsequent policy changes. *Uzuegbunam*, 2021 WL 850106 at *2. Thus, even if Plaintiffs' claims for injunctive and declaratory relief were no longer justiciable—and they are, *see* ECF 55 at 12-23—this case still wouldn't be moot.

Dated: March 10, 2021

Respectfully submitted,

s/ Mark. L. Rienzi
Mark L. Rienzi (N.D.N.Y. Bar No. 702262)
Eric C. Rassbach (N.D.N.Y. Bar No. 302836)
Joseph C. Davis (N.D.N.Y. Bar No. 702240)
William J. Haun (N.D.N.Y. Bar No. 702242)
Daniel L. Chen (N.D. N. Y. Bar No. 702316)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Ste. 400
Washington, DC 20006
mrienzi@becketlaw.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Josh Blackman (N.D.N.Y. Bar No. 702246)
Jewish Coalition for Religious Liberty
1303 San Jacinto Street
Houston, TX 77002
Telephone: (202) 294-9003

*Counsel for Plaintiffs*