UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YITZCHOK LEBOVITS and CHANA SHAPIRO-LEBOVITS, on their own behalf and on behalf of their daughters E.L., a minor, and A.L., a minor; and BAIS YAAKOV ATERES MIRIAM, a New York religious corporation,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ANDREW M. CUOMO, individually and in his official capacity as Governor of the State of New York;<br>BILL DE BLASIO, individually and in his official capacity as Mayor of the City of New York;<br>LETITIA JAMES, in her official capacity as Attorney General of the State of New York;<br>HOWARD A. ZUCKER, in his official capacity as Commissioner of the New York State Department of Health;<br>CITY OF NEW YORK; and<br>NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE,<br><br>    *Defendants*. | Civil No. 1:20-cv-01284-GLS-DJS<br>Hon. Gary L. Sharpe<br><br>**RESPONSE TO STATE DEFENDANTS' SUPPLEMENTAL MEMORANDUM ADDRESSING MOOTNESS** |

## RESPONSE

State Defendants' brief concedes that, whatever "changes to the legal framework" have occurred since this case was filed, Dkt. 64, those changes don't affect the justiciability of Plaintiffs' *damages* claims. *See* Supp.Mem.3 ("Plaintiffs' claims *for injunctive relief* are moot" (emphasis added)). And although State Defendants now argue that these changes have "eliminated" "any doubt" as to the mootness of Plaintiffs' injunctive-relief claims, *id.*, they never bestirred themselves to let the Court know about these events until months later and at the Court's own prompting. The reason is simple—these events change nothing; all Plaintiffs' claims remain live.

**1.** "[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). That demanding standard is not met here. Plaintiffs seek an injunction against Defendants' unconstitutional *actions*—namely, denying Plaintiffs' free-exercise right to direct the religious upbringing of their children by needlessly shuttering their school. Dkt. 55 at 12. That relief remains fully available; indeed, it's precisely analogous to the injunction this Court granted in *Soos v. Cuomo*, 470 F. Supp. 3d 268, 285 (N.D.N.Y. 2020) (enjoining defendants "from enforcing *any indoor gathering limitations against plaintiffs*" similarly violative of their rights (emphasis added)); *cf. California v. Texas*, 141 S. Ct. 2104, 2115 (2021) ("Remedies … do not simply operate 'on legal rules in the abstract.'").

**2.** State Defendants fail to show otherwise. The best they can offer is to claim that the Governor's current powers are at their "pre-COVID-19 state." Supp.Mem.3. But the Governor isn't the only State Defendant here, and in any event State Defendants never actually assert that the Governor's "pre-COVID-19" powers would be insufficient to permit her to again violate Plaintiffs' rights by shutting down their school. Likewise conspicuously absent here (as in State Defendants' earlier mootness filings) is any "unequivocal commitment that" they "do[] not intend to reinstate" policies like

those that initially triggered this lawsuit. *Dark Storm Indus. LLC v. Cuomo*, 471 F. Supp. 3d 482, 494-95 (N.D.N.Y. 2020); *see* Dkt. 55 at 16-17.

That means under settled law, this case isn't moot. As Plaintiffs have explained, a defendant's post-litigation "repeal of" a challenged law doesn't automatically moot a case. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982); *see* Dkt. 55 at 13. Rather, the defendant must show it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017)—"a formidable burden," *Mhany Mgmt., Inc v. County of Nassau*, 819 F.3d 581, 604 (2d Cir. 2016).

State Defendants haven't come close to carrying that burden here. To the contrary, the new Governor has focused specifically on tightening COVID restrictions on schools and children—regardless of any limitations on the Governor's emergency powers, and even if it means reversing actions by her predecessor to *loosen* those restrictions (like the ones State Defendants say mooted this case).

On her first day in office, Governor Hochul "directed the New York State Department of Health [led by Defendant Zucker] to institute a universal mask requirement in all schools, public and private."[1] Weeks later, Governor Hochul extended the requirement to daycares—even though Governor Cuomo had imposed, and then rescinded, an identical requirement earlier this year, after "fierce" "public outrage."[2] And discussing schools in particular, the Governor has insisted that in light of the recent spike in cases driven by the Delta variant and the "scar[y] announcements

---

[1]   *On First Day in Office, Governor Hochul Announces Comprehensive Plan to Help Ensure a Safe, Productive Return to Schools This Fall* (Aug. 24, 2021), https://perma.cc/8SZQ-EV6D.

[2]   Steve Brown, *Hochul Orders Mask Mandate for Daycare Centers, Other New York State-Regulated Facilities,* WGRZ.com (Sept. 15, 2021, 6:05 PM), https://perma.cc/9KB2-NDKR.

[about] the number of children now contracting COVID,"[3] "all options [are] on the table," and "I will take more actions if necessary."[4]

These events only confirm that Plaintiffs "'remain under a constant threat' that [Defendants] will … reinstate the challenged restrictions" and again unlawfully shutter their school. *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021) (quoting *Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020)). And recent caselaw has only made the lack of mootness clearer. In July, the Ninth Circuit held that a case challenging the "forced closure of [plaintiffs'] private schools" wasn't moot, even though (as here) plaintiffs' areas had been reclassified to no longer require school closures, and even though (as here) the closure order itself had been "removed" and replaced with guidance that "d[id] not rely on … school closures" at all. *Brach v. Newsom*, 6 F.4th 904, 909, 916-18 (9th Cir. 2021). Given the "zig-zag course" of the state's COVID restrictions, officials' continued "authority to alter the rules at a moment's notice," the rise in cases due to the Delta variant, and defendants' "failure to expressly forswear ever using school closures again," defendants had failed to "carr[y their] 'formidable burden' under the voluntary cessation doctrine." *Id.* at 918-21. Just so here, on every point.

None of this is changed by the Legislature's attempt to limit the Governor's emergency powers in March and May 2021. *Cf.* Supp.Mem.2-3. Again, that attempt has posed no obstacle to State Defendants' *already* imposing sweeping new COVID restrictions, including on schools, with no Legislative involvement to speak of. For example, although Governor Cuomo lifted the "state of emergency" in June, Supp.Mem.3, State Defendants unilaterally imposed a mask mandate on 3 million

---

[3]   *Video, Audio, Photos & Rush Transcript: Governor Hochul Gives Update on New York State's Efforts to Combat COVID-19* (Sept. 15, 2021), https://perma.cc/V72Z-GZUK.

[4]   Chris Sommerfeldt, *Gov. Hochul Says Mandating COVID Vaccine for Schoolkids 'Certainly an Option' Amid Lagging Rates,* N.Y. Daily News (Sept. 8, 2021), https://bit.ly/3lRhsGL.

3

students through an "emergency regulation[]," effective immediately, and issued within days of Governor Hochul's announcing it at a press conference.[5] And while that decision has been challenged as inconsistent with the same limitations on the Governor's emergency powers State Defendants invoke here, Governor Hochul has told other courts that she and the other State Defendants retain "broad … authority to … enforce public health rules" in response to this "ongoing and evolving pandemic"—exactly the opposite of what State Defendants attempt to tell *this* Court. Opp. to Mot. for Prelim. Inj. at 10, 20, *Christian Cent. Acad. v. Hochul*, Index No. 812301/2021 (Supreme Court Erie County Sept. 13, 2021), Doc. No. 32.

For Plaintiffs, of course, it makes no difference if their school is unlawfully shuttered via an executive order issued pursuant to the Governor's "emergency power[s]," Supp.Mem.2, or via an "emergency regulation" issued by Defendant Zucker at the Governor's behest. What Plaintiffs seek is an escape from the "Damocles' sword" of another unlawful shutdown, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 164 n.5 (2016)—and an injunction providing such protection remains fully available.

**3.** The recent Second Circuit decisions State Defendants invoke are not to the contrary. *Cf.* Supp.Mem.4-5. State Defendants first attempt to analogize this case to *36 Apartment Associates, LLC v. Cuomo*, ___ F. App'x ___, 2021 WL 3009153 (2d Cir. July 16, 2021), but that nonprecedential decision expressly turned on the fact that the challenged restrictions there "expired by their own terms," rather than being "voluntarily withdrawn or altered during litigation." *Id.* at *2. As Plaintiffs already explained, that distinction is critical for mootness law: "unlike a postsuit repeal," a law "that expires by its own terms does not implicate [voluntary-cessation] concerns." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020); *see* Dkt. 55 at 20. By contrast,

---

[5] 10 NYCRR 2.60 (Aug. 27, 2021), https://perma.cc/CV4N-8GJR; *see Commissioner's Determination on Indoor Masking Pursuant to 10 NYCRR 2.60*, N.Y. Dep't of Health (Aug. 27, 2021), https://perma.cc/B7C9-H2WT.

4

the challenged restrictions here *were* voluntarily withdrawn or altered—not just *during* litigation but *in response to it*. Dkt. 55 at 17-18.

*Connecticut Defense League v. Lamont* is likewise inapposite. The court there held that "[t]he voluntary cessation rule [was] inapplicable here (even beside the point)" because (1) the action mooting the preliminary-injunction request was taken by "the *plaintiffs*" not the "*defendant*," and (2) even a future reinstitution of the challenged policy would only *permit* other actors to harm the plaintiffs, not *require* it. 6 F.4th 439, 446 (2d Cir. 2021). Neither point applies here. Defendants here didn't just give other actors *permission* to shutter Plaintiffs' school—they did it themselves. Dkt 1 at 19-24. And the alleged mootness here isn't attributable to anything *Plaintiffs* have done, but to State Defendants' actions in "moving the goalposts" post-litigation, *Tandon*, 141 S. Ct. at 1297—making this a mine-run case of voluntary cessation.

Farthest afield of all is *Lewis v. Cuomo*, No. 20-cv-6316, 2021 WL 3163238 (W.D.N.Y. July 27, 2021), in which the plaintiffs asserted that the Legislature's grant of emergency powers to Governor Cuomo and Cuomo's resulting exercise of them constituted a "bloodless coup" and "seiz[ure of] totalitarian power" in violation of the Guarantee Clause. *Id.* at *2-4. Unlike in *Lewis*, Plaintiffs here don't challenge "the lockdown" *in toto*, *cf. id.* at *2; don't "agree[] that the[ir claims are] moot," *cf. id.* at *7; and—as State Defendants' own recent actions in response to the Delta variant demonstrate, *see supra*—remain under the threat that State Defendants will again act unilaterally to unlawfully shutter their school absent relief in this litigation.

**4.** Finally, Plaintiffs note that even if their request for injunctive relief were moot, this case would still be live, because Plaintiffs assert claims for money damages (actual and nominal) that are as central to this case as are the forward-looking claims. *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019); *see* Dkt. 55 at 23-24. Nothing in State Defendants' supplemental brief contests that point; in fact, State Defendants appear to concede it. *See supra* p.1.

5

Dated: September 22, 2021           Respectfully submitted,

/s/ Mark. L. Rienzi
Mark L. Rienzi (N.D.N.Y. Bar No. 702262)
Eric C. Rassbach (N.D.N.Y. Bar No. 302836)
Joseph C. Davis (N.D.N.Y. Bar No. 702240)
William J. Haun (N.D.N.Y. Bar No. 702242)
Daniel L. Chen (N.D. N. Y. Bar No. 702316)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW
 Suite 400
Washington, DC 20006
mrienzi@becketlaw.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Josh Blackman (N.D.N.Y. Bar No. 702246)
Jewish Coalition for Religious Liberty
1303 San Jacinto Street
Houston, TX 77002
Telephone: (202) 294-9003

*Counsel for Plaintiffs*