UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

YITZCHOK LEBOVITS AND CHANA SHAPIRO-
LEBOVITS, on their own behalf and on behalf of either
daughter E.L., a minor, and A.L., a minor; and
BAIS YAAKOV ARTERES MIRIAM, a New York
religious corporation,

<div align="center">Plaintiffs,</div>

<div align="center">-against-</div>                          20-CV-1284 (GLS) (DJS)

ANDREW M. CUOMO, individually and in his official
capacity as Governor of the State of New York;
BILL DE BLASIO, individually and in his official capacity
as Mayor of the City of New York;
LETITIA JAMES, in her official capacity as Attorney
General of the State of New York;
HOWARD A. ZUCKER, in his official capacity as
Commissioner of the New York State Department of
Health;
CITY OF NEW YORK; and
NEW YORK CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE,

<div align="center">Defendants.</div>
-----------------------------------------------------------------------x


**DEFENDANTS BILL DE BLASIO, CITY OF NEW YORK, AND THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE'S ("CITY DEFENDANTS") SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**


<div style="margin-left:55%">
GEORGIA M. PESTANA
Corporation Counsel of the
   City of New York
100 Church Street Room
New York, New York 10007
</div>


SHERYL NEUFELD
MELANIE V. SADOK
  *of Counsel*

September 24, 2021

**CITY DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

In this case, plaintiffs seek to challenge the constitutionality of New York State ("N.Y.S.") Executive Order 202.68 ("subject Order"). City Defendant filed a motion to dismiss on the grounds that Plaintiffs' claims are moot and fail to state a cause of action against City Defendants. City Defendants further asserted that the complaint must be dismissed as against Defendant Bill De Blasio in his individual capacity as he is entitled to qualified immunity. By Text Order dated September 8, 2021 (ECF 64) this Court directed Defendants to supplement their arguments regarding mootness.

Since the filing of the complaint, Bais Yakov Arteres Miriam has reopened (and was authorized to reopen four days earlier than the complaint alleges), the subject Order was modified to allow schools within the cluster zones to open subject to testing (*see* Executive Order 202.79), the subject Order has been rescinded, *see* Executive Order 202.106, legislation has been passed to ensure oversight over the Governor's issuance of Executive Orders (*see* 2021 N.Y. ALS 71, 2021 N.Y. Laws 71, 2021 N.Y. SB 5357), and the COVID-19 state of emergency has ended. *See* Executive Order 210.  In addition to the changes to the status of the COVID-19 orders, new case law sheds light on the issue of mootness. However, as discussed below, these cases do not undermine the City Defendants' motion to dismiss, and in fact, further reinforce that dismissal is appropriate here.

## ARGUMENT

### POINT I

### PLAINTIFFS' CLAIMS FOR EQUITABLE RELIEF ARE MOOT AND THE COMPLAINT SHOULD BE DISMISSED

Since the original briefing of the motions to dismiss, the Second Circuit has clarified the application of the voluntary cessation rule in the context of COVID-19 orders and regulations. In particular, the Second Circuit has declined to find that the mere potential for reinstatement of an Executive Order that may infringe upon a plaintiff's rights is insufficient to meet the "constant threat" standard set forth by the Supreme Court in *Roman Catholic Diocese v. Cuomo*, 141 S. Ct. 63 (2020). *See e.g. 36 Apt. Assocs., LLC v. Cuomo,* No. 20-2565, 2021 U.S. App. LEXIS 21072 (2d Cir., July 16, 2021); *Connecticut* Defense *League v. Larmont*, No. 20-2078, 2021 U.S. App. LEXIS 22316 (2d Cir. July 28, 2021). *See also Lewis v Cuomo*, No. 20-CV-6316, 2021 US Dist LEXIS 140052 (W.D.N.Y. July 27, 2021) In *36 Apt. Assocs.*, the plaintiffs challenged the constitutionality of a COVID-19 Executive Order providing for an eviction moratorium. During the course of the litigation, the Executive Order expired and was superseded by legislation. The Second Circuit rejected the plaintiffs' argument that its complaint was not moot because the Governor may engage in improper acts in the future. Instead, the Court held that there was not a "'reasonable expectation of recurrence'" because the Executive Order "expired" and because of the "intervening passage of legislation." *36 Apt. Assocs*, 2021 U.S. Lexis 21072 at *4 (quoting *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 120 (2d Cir. 2001).)

Similarly, in *Connecticut Defense League*, the Second Circuit found the voluntary cessation rule "would not preclude mootness" in a challenge to the constitutionality of an

Executive Order that suspended the requirement that police departments engage in fingerprinting as part of its COVID regulations. *See Connecticut Defense League* U.S. App. LEXIS 22316 at *14. Despite initially finding the voluntary cessation rule inapplicable, the Second Circuit undertook an analysis pursuant to the rule, and explained that "for any harm to arise, the Governor would have to again empower municipal police departments to suspend fingerprinting, and those departments would have to invoke that power and implement a total suspension." *Id.* at * 14. Due to those necessary intervening steps, the mitigating steps taken to reduce the spread of COVID, and the infrequency of pandemics, the Second Circuit held that the plaintiffs' concern with the suspension of fingerprinting in the future was "speculative" and that the injunctive relief sought was moot. *Id.* at *15.

In this case, the subject Order—as applied to Plaintiffs—ceased to be in effect on October 21, 2020 and was explicitly supplanted on December 2, 2020 by an Executive Order which allowed schools to open, the very relief Plaintiffs sought. Subsequent to that, the legislature imposed safeguards on the issuance of Executive Orders, the Governor issued an Order rescinding the subject Order, and ultimately, issued another Executive Order ending the COVID-19 state of emergency. In light of these facts, Plaintiffs' general concern that the Governor may issue new Executive Orders is insufficient to establish a "constant threat." Like in *Connecticut Defense League*, there are several necessary intervening steps that would have to occur before the Governor could issue a new Executive Order that would result in the closure of Bais Yakov Arteres Miriam, making plaintiffs' concerns merely speculative. Thus, the voluntary cessation doctrine cannot preclude City Defendants' assertion that  Plaintiffs' claims for injunctive relief are moot.

Contrary to Plaintiffs' assertions in their two "notices of supplemental authority" (ECF 59 and 61), neither *Tandon v. Newsom*, 141 S. Ct. 1294 (2021), nor *Uzuegbunam v. Preczewski*, 141

S. Ct. 792 (2021), defeats the City Defendants' mootness argument and motion to dismiss. In *Tandon*, the Court noted that a government's withdrawal or modification of a COVID restriction "in the course of litigation," does not necessarily moot an applicant's request for "emergency injunctive relief" if that applicant remains "under a constant threat" that government officials will use their power to reinstate the challenged restriction. *Id*. at 1297 (citations omitted). Setting aside the question of whether an Order granting an emergency stay has precedential value, City Defendants respectfully submit that *Tandon* is distinguishable. The Court in *Tandon* specifically noted that its conclusion on mootness was predicated, at least in part, on the fact that the challenged restrictions remained in effect for a period of time after the Court order was issued. That is simply not the case here. As noted above, the Executive Order at issue has been rescinded, and schools have been reopened for almost a year. Furthermore, in this case Plaintiffs have withdrawn any request for emergency injunctive relief and are instead seeking permanent injunctive relief.[1] Finally, the Second Circuit has applied the *Tandon* "constant threat" standard, and as discussed above, has made clear that the mere potential for reinstatement of an Executive Order is not a "constant threat" sufficient to overcome mootness. *See 36 Apt. Assocs.,* 2021 U.S. App. LEXIS 21072; *Connecticut Defense League,* 2021 U.S. App. LEXIS 22316. This is consistent with fundamental tenet of injunctive relief, that it is "to prevent existing or presently threatened injuries. [An injunction] will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 664 (1931).

---

[1] The permanent injunctive relief sought in the Prayer for Relief (ECF 1) is significantly flawed as it is amorphous and overly broad. It is well-established that "injunctive relief should be narrowly tailored to fit the specific legal violations." *Society for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1239, 1251 (2d Cir. 1984). Injunctive relief requiring a defendant to "not discriminate," such as the relief sought herein, is not narrowly tailored and is nothing more than a directive that the defendant follow the law, an obligation the defendant already has. Thus, even if, *arguendo*, Plaintiffs' injunctive claims are not moot, as Plaintiffs are not entitled to the overly broad injunctive relief sought.

Nor does the Supreme Court's decision in *Uzuegbunam* undermine City Defendants' motion to dismiss. Even if, *arguendo*, this Court were to find under *Uzuegbunam* that Plaintiffs' declaratory judgment[2] and damages claims are not moot, because the complaint fails to state a cause of action against City Defendants, as argued in City Defendants' motion papers (ECF 51), it still must be dismissed against them. Furthermore, to the extent the complaint's barebones allegations against City Defendants are sufficient pleadings, the City was not acting pursuant to its own policy, and thus cannot be held liable under *Monell*. *See Vives v. City of New York*, 524 F.3d 346, 351-53 (2d Cir. 2008)); *Marvin v. Peldunas*, 2020 U.S. Dist. LEXIS 169703, *16 (S.D.N.Y. Sept. 16, 2020) (finding no municipal liability where defendant was "merely following state law and regulations"); *Vaher v. Town of Orangetown, N.Y.*, 133 F. Supp. 3d 574, 605-06 (S.D.N.Y. 2015). Indeed, as Plaintiffs allege, "[o]n October 6 and 14, 2020, Governor Cuomo issued executive orders requiring schools in certain Orthodox Jewish neighborhoods—including BYAM's…," and Governor Cuomo directed that enforcement of the cluster initiative begin no later than October 9, 2020. *See* Complaint at ¶¶ 13, 131 (ECF 1).Therefore, Plaintiffs will be unable to obtain relief in any form against City Defendants necessitating dismissal of the action against City Defendants.

## CONCLUSION

For the foregoing reasons, City Defendants respectfully request that this Court dismiss the claims against the City defendants in the operative complaint, together with such other and further relief as this Court deems just and proper.

---

[2] Although characterized as seeking declaratory judgments, the "declarations" sought are not declarations regarding the legality of prior acts but, are rather, requests for injunctive relief.  *See* Complaint (ECF 1) Prayer for Relief (a) seeking a declaratory judgment that Defendants must "(1)cease discriminating…and (2) permit Plaintiffs to conduct in-person religious instruction."  Consequently, the relief sought in Plaintiffs' subsection a of their Prayer for Relief is also moot.

Dated:     New York, New York
             September 24, 2021

                        GEORGIA M. PESTANA
Corporation Counsel
  of the City of New York
Attorney for City Defendants
100 Church Street
New York, New York 10007
(212) 356-0892


By: _Melanie V. Sadok_
     Melanie V. Sadok
     Assistant Corporation Counsel